UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH LUNDINE,

               Plaintiff,

      v.

MARZOCCHI USA, INC., a foreign corporation, and MARZOCCHI S.P.A., an alien corporation,

               Defendants.

Case No. C05-5421 RBL

ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE EXPERT WITNESS DUSTIN ASTROM

## I. INTRODUCTION

This matter comes before the Court on Defendants' motion to exclude Plaintiff expert witness Dustin Astrom pursuant to Federal Rule of Evidence 702. (Dkt. No. 35). Having reviewed the parties' submissions, the Court hereby DENIES Defendants' motion. The reasons for the Court's order are set forth below.

## II. DISCUSSION

In *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the Supreme Court charged trial judges with the responsibility of acting as gatekeepers to prevent unreliable expert testimony from reaching the jury. The gatekeeping function is flexible and applies to all expert testimony, not just testimony based on science. *See Kuhmo Tire Co., Ltd. v. Carmichael,* 526 U.S.

137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999); *see also Living Designs, Inc. v. E. I. Dupont de Nemours and Co.,* 431 F.3d 353, 369 (9th Cir. 2005) (noting that the inquiry envisioned by Rule 702 is a flexible one that must be tied to the facts of each particular case). Accordingly, expert testimony is admissible if it will "assist the trier of fact to understand the evidence or to determine a fact in issue," if the witness is "qualified as an expert by knowledge, skill, experience, training, or education," and if the proposed testimony is sufficiently reliable. Fed. R. Ev. 702; *Daubert,* 509 U.S. at 590. Mr. Astrom's proposed testimony satisfies these requirements.

**1. The Proposed Testimony is Relevant**

Mr. Astrom opines, among other things, that: 1) a suspension fork's primary function is to cushion impacts when landing jumps; 2) the jump involved in Mr. Lundine's fall did not constitute an extreme maneuver that would exceed a safely designed and manufactured bicycle fork's capacities; 3) ordinary users would not contemplate that the Marzocchi ZI QR20 would collapse from a simple stairway jump; 4) Mr. Lundine is sufficiently skilled to handle the jump in question; and 5) Mr. Lundine did not misuse either his bicycle or the Marzocchi fork prior to the incident. This testimony is relevant to the case's central issues. Moreover, because fork strength, jump difficulty, and rider ability generally are beyond the average juror's experience, expert testimony will assist the jury in understanding the evidence and determining facts in issue.

**2. Mr. Astrom is Qualified**

Mr. Astrom has more than ten years of experience in the mountain bike industry. He worked as a bike mechanic for several years, installing over 1,000 bicycle forks and examining thousands of bicycle parts. He also worked as a frame builder, hand building over 2,500 bicycles. Mr. Astrom is an avid cyclist and regularly attends mountain biking trade shows. He has served as a team mechanic for several professional bicycle racers and is familiar with all types of mountain biking terrain, including stairway

jumps. Mr. Arstrom also has first knowledge about Mr. Lundine's mountain bike riding and maintenance abilities. Mr. Astrom is qualified to opine on the mountain bike issues in this case.

### 3. Mr. Astrom's Testimony is Sufficiently Reliable

Expert testimony is sufficiently reliable for admission "if 1) the testimony is based upon sufficient facts or data, 2) the testimony is the product of reliable principles or methods, and 3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Ev. 702. The Court will address each requirement.

First, Mr. Astrom's opinions are based on sufficient facts or data. It is true Defendants argue that Mr. Astrom has no useful knowledge of the history of Mr. Lundine's Marzocchi fork and does not demonstrate sufficient knowledge about the specific events or the accident site. For example, Defendants contend that Mr. Astrom never physically examined the suspension fork or the accident site. Defendants also contend that Mr. Astrom never obtained critical facts such as Mr. Lundine's speed, angle of approach, and angles of take off and landing. Mr. Astrom, however, reviewed photographs of the Marzocchi fork, stairs, and landing areas involved in the incident. He has also owned the Marzocchi fork in question, spoke with Mr. Lundine about the incident, and is familiar with Mr. Lundine's skill as a mountain bike technician and rider. Even though Defendants challenge Mr. Astrom's opinions and their accuracy, this is a matter for cross-examination and jury argument. It does not demonstrate that Mr. Astrom's testimony is based on insufficient facts or data for purposes of Rule 702.

Second, Mr. Astrom's testimony is the product of reliable principles and methods. Mountain bike jumping is not entirely a scientific process subject to mathematical measurements or laboratory analyses. Mr. Astrom's opinions, like those of Defendants' expert[1], are based on years of experience and training.

---

[1] Defendants curiously move to exclude Plaintiff's expert even though their own expert, Rolf Kalchhauser, possesses similar qualifications. Indeed, Mr. Kalchhauser bases his opinions solely on Mr. Lundine's deposition and, like Mr. Astrom, never examined the site or the Marzocchi fork in question.

ORDER
Page - 3

Mr. Astrom does not claim to have applied scientific formulas or testing methods.  His testimony is based on analyzing the facts he considers relevant in light of his experience and training.  As the Ninth Circuit notes, "[t]he *Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *United States v. Hankey,* 203 F.3d 1160, 1169 (9th Cir. 2000).  Mr. Astrom is no more or less qualified than Defendants' mountain bike expert.  He has reviewed the relevant facts and data, and the application of his expertise to these facts and data is a sufficiently reliable to meet the Rule 702's threshold requirements.

Finally, Mr. Astrom applied his experience reliably to the facts at hand.  Mr. Astrom's opinions are based on his extended experience working with mountain bike components such as Marzocchi forks and his knowledge of mountain bike jumps generally and Mr. Lundine's abilities in particular.

Defendants' concern with Mr. Astrom's opinions are more properly addressed by vigorous cross-examination and jury argument than by excluding his testimony altogether.  *See Dorn v. Burlington N. Sante Fe R.R. Co.,* 397 F.3d 1183, 1196 (9th Cir. 2005) ("The Supreme Court in *Daubert* [] was not overly concerned about the prospect that some dubious scientific theories may pass the gatekeeper and reach the jury under the liberal standard of admissibility set forth in that opinion; indeed, the Court said, 'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" (quoting *Daubert,* 509 U.S. at 596)); *S.M. v. J.K.,* 262 F.3d 914, 921 (9th Cir. 2001) ("A court may admit somewhat questionable testimony if it falls within the range where experts might reasonably differ, and where the jury must decide among conflicting views." (internal quotation and citation omitted)), as amended by 315 F.3d 1058 (9th Cir. 2003).

### III. CONCLUSION

The Court concludes that Mr. Astrom's opinions are sufficiently reliable and relevant to be admitted into evidence and considered by the jury. Defendants will have a full opportunity at trial to explore and rebut his opinions. Accordingly, Defendants' motion to exclude Plaintiff expert witness Dustin Astrom (Dkt. No. 35) is DENIED.

DATED this 9th day of November, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE